UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. John Michael Vazquez |
| | : | |
| v. | : | Crim. No. 18-703 (JMV) |
| | : | |
| MICHAEL HEALY, | : | COMPLEX CASE ORDER – AMENDED |
|   a/k/a "Shady," | : | |
|   a/k/a "Porsche," | : | |
|   a/k/a "Brennan," | : | |
|   a/k/a "New Year," | : | 18 U.S.C. § 922(g)(1) |
|   a/k/a "White Boy," | : | 18 U.S.C. § 924(c)(1)(A) |
| LEEVANDER WADE, | : | 18 U.S.C. § 1512(k) |
|   a/k/a "Van," | : | 18 U.S.C. § 1959(a) |
| ALI HILL, | : | 18 U.S.C. § 1962(c) |
|   a/k/a "Hadi," | : | 18 U.S.C. § 1962(d) |
| THOMAS ZIMMERMAN, | : | 18 U.S.C. § 1963 |
|   a/k/a "L'il Baby," | : | 18 U.S.C. § 2 |
|   a/k/a "Bizzle," and | : | 21 U.S.C. § 841 |
| TYQUAN DANIELS, | : | 21 U.S.C. § 846 |
|   a/k/a "YT" | : | |

THIS MATTER having been opened to the Court on the joint application of Rachael Honig, Acting United States Attorney for the District of New Jersey (Robert Frazer, Assistant U.S. Attorney, and Naazneen Khan, Assistant U.S. Attorney, appearing), and defendants Michael Healy (Stephen Turano, Esq., and Thomas Ambrosio, Esq., appearing), Leevander Wade (Troy A. Archie, Esq. and John C. Whipple, Esq., appearing), Ali Hill (Gary Mizzone, Esq. and Michele Ann Adubato, Esq., appearing), Thomas Zimmerman (Henry E. Klingeman, Esq. and Kenneth W. Kayser, Esq., appearing), and Tyquan Daniels (Thomas R. Ashley, Esq. and Roy B. Greenman, Esq., appearing), and good cause having been shown, the Court makes the following findings:

1.  On June 5, 2019, a Superseding Indictment was filed charging the defendants with 12 separate counts, including violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"); conspiracy to commit RICO; several counts of Violent Crimes in Aid of Racketeering ("VICAR"), including murder; and various weapons and drug conspiracy charges.

2.	The defendants were arraigned on July 18, 2019 and the parties having proposed further scheduling in this matter consistent with this Order. The Court conducted status conferences on November 12, 2019 and February 24, 2020.   Pursuant to the terms of the Amended Complex Case Order entered on May 4, 2020, defense mitigation reports were due on or before June 30, 2020 with in-person presentations to be conducted in July 2020; and the parties having proposed modifications to the scheduling Order filed November 14, 2019.

3.	At the defendant's request, the deadline for defense mitigation reports for defendant's Daniels, Hill, Wade, and Zimmerman was extended to January 20, 2021 with video tele-conference presentations conducted in February 2021; defense mitigation for defendant Healy was extended to June 30, 2021 with an in-person presentation conducted in July 2021; and the parties having proposed modifications to the Scheduling Order filed on July 21, 2020.

4.	Under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., a defendant must generally be brought to trial within seventy days of his initial appearance or the making public of the indictment, whichever last occurs. Certain time periods, however, are excluded from this calculation, including the pendency of any pretrial motion (from its filing through the hearing or ruling on the motion), 18 U.S.C. § 3161(h)(1)(D), and any delay resulting from a continuance granted in furtherance of the "ends of justice." 18 U.S.C. § 3161(h)(7)(A); see also Bloate v. United States, 559 U.S. 196, 214 (2010) (subsection (h)(7) provides "[m]uch of the Act's flexibility" and gives district courts "discretion - within limits and subject to specific procedures - to accommodate limited delays for case-specific needs") (quoting Zedner v. United States, 547 U.S. 489, 499 (2006)).

5.	Death penalty cases are unique in their seriousness: as just one example, the Department of Justice engages in a lengthy review process before even determining whether to seek the death penalty for those crimes which are death-eligible. The defendant is permitted input to the Department of Justice in connection with this review process.

6. In addition, the nature of the case is otherwise unusually complex. For example, this case involves multiple defendants, over 10 counts, numerous items of physical and forensic evidence, thousands of pages of evidence, numerous audio and video recordings, and forensic evidence. Moreover, the parties expect to file numerous pre-trial motions that may require hearings. In evaluating and granting the Government's request to designate this case complex and continue the trial, the Court finds that the additional procedural and legal requirements posed by the Government having brought death-penalty eligible charges against the five defendants, coupled with the voluminous discovery required to be turned over and analyzed to properly defend the charges, render this case so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or trial within the time limits established in 18 U.S.C. § 3161. See 18 U.S.C. § 3161(h)(7)(B)(ii).

7. Each defendant has been informed of his right to a speedy trial as well as the circumstances set forth in this Order and each defendant voluntarily consents to entry of this Order.

8. Therefore, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by continuing this trial outweigh the interest of the public and each of the defendants in a speedy trial because a continuance will provide the defendants and their attorneys the time and opportunity reasonably necessary to prepare for trial.

IT IS, therefore, on this 8th day of September, 2021 for the reasons stated herein, ORDERED that:

1. The Government will continue to provide Discovery pursuant to Rule of Criminal Procedure Rule 16;

2. The parties will update the Court periodically on the death penalty review pocess prior to January 31, 2022 and will advise the Court if additional time will be necessary;

3. The Court further DESIGNATES the case as complex;

4. CONTINUES the trial;

5. ORDERS, that the trial date in this matter is continued until further Order of the Court;

6. EXCLUDES, for purposes of computing time under the Speedy Trial Act pursuant to Title 18, United States Code, §§ 3161(h)(7)(A), (h)(7)(B)(ii), and (h)(7)(B)(iv), the time period between the date of this order and January 31, 2022; and

7. ORDERS a status conference to be held on February 8, 2022 at 10:30 a.m.

_____
HON. JOHN MICHAEL VAZQUEZ
United States District Judge

_____     s/ AUSA Robert Frazer
Naazneen Khan                                _____
Assistant United States Attorney       Robert Frazer
                                                                Assistant United States Attorney

_s/Stephen Turano_                       _s/Thomas Ambrosio_
Stephen Turano, Esq.                      Thomas Ambrosio, Esq.
Attorney for Def. Michael Healy        Attorney for Def. Michael Healy


John Whipple, Esq.

Whipple and Azzarello, LLC             Troy Archie, Esq.
Attorney for Def. Leevander Wade    Alfonso, Archie and Foley, P.C.
                                                                Attorney for Def. Leevander Wade

*Gary Mizzone*
_____
Gary Mizzone, Esq.
Mizzone & Testa, P.A.
Attorney for Def. Ali Hill

<u>s/Michele A. Adubato</u>
Michele A. Adubato, Esq.
Attorney for Def. Ali Hill

_____
Henry Klingeman, Esq.
Krovatin Klingeman
Attorney for Def. Thomas Zimmerman

_____
Kenneth W. Kayser, Esq.
Attorney for Def. Thomas Zimmerman

_____
Thomas R. Ashley, Esq.
Attorney for Def. Tyquan Daniels

_____
Roy B. Greenman, Esq.
Budin, Greenman & Greenman
Attorney for Def. Tyquan Daniels

5