

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*  *(973) 645-2700*
*Newark, New Jersey  07102*

April 21, 2022

Michele Adubato, Esq.
725 Broadway,
Bayonne, NJ 07002

Gary Mizzone, Esq.
245 Paterson Ave # 2,
Little Falls, NJ 07424

      Re: <u>Plea Agreement with Ali Hill</u>

Dear Ms. Adubato and Mr. Mizzone:

      This letter sets forth the plea agreement between your client, Ali Hill ("HILL") and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on **May 2, 2022**, if it is not accepted in writing by that date.

<u>Charges</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from HILL, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to Count Two of the Superseding Indictment, Criminal Number 18-703 (JMV), which charges HILL with racketeering conspiracy, in violation of Title 18, United States Code, Sections 1962(c) and 1962(d).

      As part of his plea agreement, the defendant admits that he knowingly and intentionally committed the following acts:

      1.    Conspiracy to murder a federal witness, "A.S.", in Bloomfield, New Jersey from in or around October 2017 through on or about March 12, 2018, in violation of N.J.S.A. 2C:11-3(a)(1) & (2) and 2C:2-6.

    2.    Use of an interstate facility to commit a crime of violence to further unlawful activity, in Essex County, New Jersey, from in or around October 2017 through on or about March 12, 2018, in violation of Title 2̶1̶ 18, United States Code, Section 1952(a)(2).

If HILL enters a guilty plea and is sentenced on these charges to a term of imprisonment within the range of 20 to 25 years to be followed by a five-year term of supervised release (the "Stipulated Sentencing Range"), and otherwise fully complies with all of the terms of this agreement, this Office will move, at the time of sentencing, to dismiss the other pending charges as to HILL, namely, Counts One, Five, Six, Seven and Twelve of the Superseding Indictment, and will not initiate any further criminal charges against HILL for his crimes committed during his association with, and participation in the activities of, the criminal organization referred to in the Superseding Indictment as the "Healy Drug Trafficking Enterprise," an Enterprise as defined in Title 18, United States Code, Section 1961, during the time period charged in the Superseding Indictment, including the conspiracy to murder "A.S." and conspiracy to distribute and possess with the intent to distribute controlled substances.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, HILL agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by HILL may be commenced against him, notwithstanding the expiration of the limitations period after HILL signs the agreement.

Should the Court, pursuant to Rule 11(c)(5), at any time reject this plea agreement under Rule 11(c)(1)(C) by either not accepting the Stipulated Sentencing Range or not accepting the plea of guilty, either party may elect to withdraw from this plea agreement and the parties will be returned to the status prior to the entry of the guilty plea.  In the event that the Court, pursuant to Rule 11(c)(3)(A), defers a decision to accept the plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this agreement unless or until the Court ultimately determines to reject the proposed plea agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. §§ 1962(c) and 1962(d) to which HILL agrees to plead guilty in Count Two of the Superseding Indictment carries a statutory maximum prison sentence of life and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any

pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on HILL, the sentencing judge: (1) will order HILL to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order HILL to pay restitution pursuant to 18 U.S.C. § 3663 et seq. (3) may order HILL, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (4) pursuant to 18 U.S.C. § 3583 must require HILL to serve a term of supervised release of not more than five years on Count Two, which terms will begin at the expiration of any term of imprisonment imposed. Should HILL be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, HILL may be sentenced to not more than 5 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and HILL agree that the Stipulated Sentencing Range is the appropriate disposition of the case. Accordingly, pursuant to Rule 11(c)(1)(C), if the Court accepts this plea agreement, the Court will be bound to sentence HILL in accordance with the Stipulated Sentencing Range. If, however, the sentencing judge rejects this plea agreement and the Stipulated Sentencing Range, HILL has the opportunity, pursuant to Rule 11(c)(5)(B), to withdraw his plea of guilty, and the Government also reserves the right to withdraw from the plea agreement.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on ALI HILL by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of HILL's activities and relevant conduct with respect to this case.

Stipulations

This Office and HILL agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. These stipulations are offered as recommendations to the Court

pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or HILL from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

This Office and HILL agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. ALI HILL further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence. But this waiver does not apply to:

1. Any proceeding to revoke the term of supervised release;

2. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or

3. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

Immigration Consequences

HILL understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. HILL understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. HILL wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. HILL understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, HILL waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against ALI HILL. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against HILL.

No provision of this agreement shall preclude ALI HILL from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that HILL received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between HILL and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: ROBERT FRAZER
    NAAZNEEN KHAN
    Assistant U.S. Attorneys

APPROVED:

_____
JAMEL SEMPER
Deputy Chief, Criminal Division
United States Attorney's Office

I have received this letter from my attorneys, Michele Adubato, Esq. and Gary Mizzone, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has on this agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 4/26/22
ALI HILL

We have discussed with our client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has on this agreement. Our client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 4/26/22
MICHELE ADUBATO, ESQ.
GARY MIZZONE, ESQ.

## Plea Agreement with Ali Hill ("HILL")

### Schedule A

1. This Office and HILL agree to stipulate to the following facts:

    a. During the time period between January 2013 and January 2019, HILL was a member and associate of the Healy Drug Trafficking Enterprise (the "Healy DTE") as described in the Superseding Indictment under Criminal Number 18-703.

    b. As a member and associate of the Healy DTE, HILL agreed with at least one other person to conduct and to participate, directly and indirectly, in the conduct of the Healy DTE's affairs through a pattern of racketeering activity. As part of this agreement, HILL agreed to personally participate in, and did in fact participate in, at least two racketeering acts.

    c. From in or around October 2017 through on or about March 12, 2018, HILL agreed with other members of the Healy DTE to shoot and kill "A.S.", who HILL believed to be a federal informant providing information about the Healy DTE, in order to maintain and increase his position in the Healy DTE and for pecuniary gain.

    d. From in or around October 2017 through on or about March 12, 2018 HILL used an interstate facility, including telephones, to aid in the commission of the murder of "A.S." in furtherance of the Healy DTE.